UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ELLERY WILDE,

        Plaintiff

        v.

ADAPTIVE BIOTECHNOLOGIES
CORPORATION EMPLOYEE BENEFIT
PLAN,

        Defendant.

No.

COMPLAINT FOR BREACH OF THE
EMPLOYEE RETIREMENT INCOME
SECURITY ACT OF 1974; ENFORCEMENT
AND CLARIFICATION OF RIGHTS;
PREJUDGMENT AND POSTJUDGMENT
INTEREST; AND ATTORNEYS' FEES AND
COSTS

Plaintiff Ellery Wilde, through his attorneys, alleges:

1.      This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan and enforcing Plaintiff's rights under the terms of an employee benefit plan. Plaintiff seeks relief, including but not limited to: health coverage under the Plan, approval and payment of benefits for healthcare expenses incurred due to denial of

1

Monahan Tucker Law
14241 Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072

health coverage under the Plan, prejudgment and post-judgment interest, and attorneys' fees and costs.

2.      Plaintiff Ellery Wilde is, and was at all times relevant, a resident of King County, Washington.

3.      Plaintiff was at all relevant times a covered participant under the Defendant Adaptive Biotechnologies Corporation Employee Benefit Plan (the "Plan"), an employee welfare benefit plan regulated by ERISA and pursuant to which Plaintiff was and is entitled to health benefits.

4.      Plaintiff is informed and believes that the Plan has its principal place of business in the State of Washington, is authorized to transact and is transacting business in this judicial district, the Western District of Washington, and can be found in the Western District of Washington.

5.      Plaintiff lives in this district, the Plan can be found in this district, and the claims at issue herein were specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) (special venue rules applicable to ERISA actions).

6.      Plaintiff is informed and believes that Premera Blue Cross ("Premera") administered health benefits under the Plan and acted on behalf of the Defendant.

### FIRST CLAIM FOR RELIEF

### DENIAL OF PLAN BENEFITS

7.      Plaintiff is a transgender individual who seeks benefits for chest reconstruction surgery including breast reduction, as part of his gender affirming care. Plaintiff was assigned female at birth and identifies as male. Plaintiff has a diagnosis of gender dysphoria, a condition resulting in psychological distress due to a discrepancy between his assigned gender and his gender identity.

8.      The Plan provides benefits for medically necessary surgery for treatment of a participant's illness.

COMPLAINT

Monahan Tucker Law
14241 Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072

9. On March 13, 2023, Plaintiff received a surgical consultation from Dr. Alexandra Schmidek at Virginia Mason Medical Center regarding gender affirming chest masculization surgery including breast reduction. Dr. Schmidek determined the Plaintiff "is an appropriate surgical candidate with long-standing gender dysphoria who meets WPATH criteria for chest reconstruction surgery."

10. WPATH is an acronym for World Professional Association for Transgender Health (WPATH) "Standards of Care for the Health of Transgender, and Gender Diverse People" (WPATH, 2022, Version 8) (referenced as "WPATH SOC-8").

11. In March 2023, Plaintiff requested coverage from Premera for chest reconstruction surgery and provided the surgical consultation report from Dr. Schmidek and a mental health evaluation and letter of support.

12. In a letter dated March 29, 2023, Premera denied Plaintiff's request for coverage for chest reconstruction surgery as "not medically necessary." Premera wrote that Plaintiff's request was not based on a mental health evaluation "that was conducted within the last six months" and that the mental health professional's letter did not verify that Plaintiff met all requirements for a diagnosis of gender dysphoria.

13. On April 13, 2023, Plaintiff received an additional mental health evaluation and letter of support from Soren Stone, MA, MHP, LMHC. Mr. Stone wrote that Plaintiff continues to meet the DSM-5 criteria for gender dysphoria.

14. On April 18, 2023, Plaintiff submitted a first level appeal to Premera and requested a reversal of the denial. Plaintiff provided the updated April 13, 2023 letter of support from Mr. Stone. Plaintiff also wrote that the WPATH SOC-8 does not require a time limit for referral letters from mental health providers and that Premera's requirement was not consistent with current standards of care. Plaintiff wrote:

> While I am able to provide the updated letter, this is the type of unintentional roadblock that creates real hardship for many transgender patients. With the exception of some private practice providers who do not take insurance, most

3

COMPLAINT

Monahan Tucker Law<br>14241 Woodinville-Duvall Road, Suite 382<br>Woodinville, WA 98072

surgeons who provide gender-affirming care to transgender patients require that the patients send referrals in advance of even scheduling a consultation. However, wait times for consultations often run well beyond six months, by which time the referral letters will be out of date by Premera's current guidelines.

15. In a letter dated October 2, 2023, almost six months after the appeal was submitted, Premera denied the first level appeal. Premera wrote that a letter of referral from your therapist "based on evaluation within the last six months is required for your gender affirming care procedure to be considered medically necessary." The letter of referral from Mr. Stone, Plaintiff's therapist, was dated April 13, 2023, less than six months from the appeal denial letter of October 2, 2023 and five days before Plaintiff's first level appeal.

16. On November 18, 2023, Dr. Stone wrote an additional letter of referral regarding his April 13, 2023 mental health evaluation of Plaintiff. Dr. Stone explained Plaintiff's diagnosis of gender dysphoria according to the criteria of the DSM-5. Dr. Stone wrote that he confirmed that all of the information provided still applies and that Plaintiff continues to meet the DSM-5 criteria for gender dysphoria. Dr. Stone wrote: "I recommend no further delay for Ellery to receive the medically necessary surgery he needs and that is appropriate to treat F64.9 Gender Dysphoria."

17. On November 26, 2023, Plaintiff submitted a second level appeal to Premera and provided the letters from Mr. Stone. Plaintiff wrote that Mr. Stone's mental health evaluation did occur within the time frame requested by Premera and that Mr. Stone provided additional detail to address Premera's request regarding Plaintiff's diagnosis of gender dysphoria.

18. In a letter dated December 18, 2023, Premera denied Plaintiff's second level appeal. Premera wrote that "there is no documentation of a presurgical evaluation within the last 6 months." Premera did not acknowledge the surgical evaluation that was conducted in March 2023, the same month Plaintiff submitted his initial request for coverage to Premera for the surgery. Premera also wrote that the mental health referral must be based on a mental health evaluation "from within the last six months." Premera did not acknowledge that the mental health

4

Monahan Tucker Law
14241 Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072

evaluation was conducted in April 2023, the same month as Plaintiff's first level appeal submission.

19.    Plaintiff received an estimate of $98,221.65 for the chest reconstruction surgery at Virginia Mason Medical Center.

20.    Defendant wrongfully denied Plaintiff's healthcare coverage in the following respects, among others:

(a)    Failure to authorize and pay for health benefits as required by the Plan at a time when Defendant knew Plaintiff was entitled to such benefits under the terms of the Plan;

(b)    Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts, for the denial of health benefits;

(c)    Failure to properly and adequately investigate the merits of the appeals;

(d)    Failure to properly communicate with Plaintiff regarding his health benefits and coverage;

(e)    Failure to timely respond to appeals; and

(f)    Failure to provide Plaintiff with a full and fair review pursuant to 29 C.F.R.§ 2560.501-1 (h)(3)(iii) by failing to consult with health care professionals who have appropriate training and experience in the field of medicine involved in the medical judgment.

21.    Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claims for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

22.    Following the denial of health coverage under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and performed all duties and obligations on his part to be performed.

COMPLAINT

Monahan Tucker Law
14241 Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072

23. As a proximate result of the denial of benefits, Plaintiff has been damaged by the inability to obtain benefits to cover the cost of the medically necessary surgery.

24. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

25. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce his rights under the terms of the Plan.

## SECOND CLAIM FOR RELIEF

## EQUITABLE RELIEF

26. Plaintiff refers to every preceding paragraph as though set forth in full in this claim for relief.

27. As a direct and proximate result of the Defendant's denial of claims for medical benefits, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to and hereby requests that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(1)(B):

(a) A mandatory injunction requiring Defendant to immediately qualify Plaintiff for healthcare coverage under the Plan for gender affirming care requested; and

(c) Such other and further relief as the Court deems necessary and proper to protect the interests of Plaintiff as participant under the Plan.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for:

1. Approved coverage for the requested healthcare services and payment of benefits for the requested healthcare services;

2. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

6

COMPLAINT

3.    Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4.    For such other and further relief as the Court deems just and proper.

DATED this 9th day of February, 2024.          MONAHAN TUCKER LAW


By:    */s/ Stacy Monahan Tucker*
Stacy Monahan Tucker
WSBA 43449
Attorneys for Plaintiff
ALEXANDRIA METOYER
Monahan Tucker Law
14241 Woodinville-Duvall Road, Suite 382
Woodinville, WA 98072
E-mail: smtucker@mtlawpc.com
Telephone: (206) 486-3553
Facsimile: (206) 800-7801

7

COMPLAINT